IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD SIMMONS,

        Petitioner,

v.

ROBERT SCHIEDLER,

        Respondent.

Civil No. 03-644-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In his petition for habeas corpus relief, petitioner raises claims based upon the denial of his motion for a separate trial from his co-defendant, and three alleged sentencing errors.

## I. BACKGROUND

Following a jury trial, petitioner was convicted of Manslaughter in the First Degree (three counts), Rape in the First Degree, and Sexual Abuse in the First Degree, in Multnomah County, Case No. 93-02-31002. Petitioner was sentenced to 140 months prison term on the merged Manslaughter convictions, a consecutive seventy-two month prison term on the Rape conviction, and a concurrent twenty-two month prison term on the Sexual Abuse conviction, amounting to total imprisonment

Findings and Recommendation - 1

of 212 months. (Ex. 101.)

Petitioner directly appealed his convictions to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed without opinion, State v. Simmons, 143 Or. App. 629 (1996), and the Oregon Supreme Court denied review, State v. Simmons, 327 Or. 317 (1998). (Exs. 102-106.)

Petitioner filed an amended petition for post-conviction relief in Marion County, Simmons v. Palmateer, Case No. 99C10695. (Exs. 107-113.) The post-conviction court denied relief. (Exs. 114-1116.) Petitioner appealed the denial of post-conviction relief to the Oregon Court of Appeals, but the Court of Appeals affirmed without opinion, Simmons v. Palmateer, 185 Or. App. 524 (2002), and the Oregon Supreme Court denied review, Simmons v. Palmateer, 335 Or. 266 (2003). (Exs. 117-121.)

## II. DISCUSSION

In his petition for habeas corpus relief, petitioner raises the following claims for relief:

> **Ground One:** The sentence imposed by the trial court was not authorized by the crimes Petitioner was convicted [sic].
> **Supporting FACTS** . . . The bases for the departures in both instances were inappropriate, and each of the sentences imposed should not have been doubled. In addition, the sentences should have been run concurrently as the crimes were all part of the same criminal episode, and finally the court failed to make a finding as to why the sentences were not run concurrently. The trial court used jury rejected facts to upper depart with aggravating factors.
> **Ground Two:** Denied a sep[a]rate trial from co-defendant, motion was denied.
> **Supporting FACTS** . . . Trial court denied my motion for a sep[a]rate trial, therefor I didn't receive a fair trial because my co-defendant made numerous statements without facts that allowed the Jury to be prejudice against me [sic] without the chance to cross examine my co-defendant.

(Pet. at 6.)

Respondent responds that habeas corpus relief should be denied on the grounds that the three sentencing claims do not point to the real possibility of constitutional error; all the claims were

Findings and Recommendation - 2

procedurally defaulted; and, to the extent the due process claim related to denial of his motion to sever trial was not defaulted, the decisions of the Oregon courts denying relief are entitled to deference. In his brief in support of petition, petitioner addresses his claim of the failure of the trial court to sever trials and one sentencing claim

based upon upward departure.

Petitioner has not addressed his sentencing claim that the manslaughter and rape sentences should be concurrent because they arose from the same criminal episode and the claim that the court failed to make the required findings to impose consecutive sentences. The court finds that any claim not addressed in petitioner's brief in support of his petition are deemed waived and should be dismissed. See Wildin v. Thompson, Civil No. 99-204-CO, Order adopting Findings and Recommendation (D. Or. Nov. 5, 2003) (claims not addressed in memorandum in support of petition for writ of habeas corpus deemed waived); Culley v. Lampert, Civil No. 99-1726-CO, Order adopting Findings and Recommendation (D. Or. Dec. 8, 2003) (same).

Constitutional Error

Respondent first contends that the sentencing claim advanced by petitioner in his brief in support, that the trial court imposed an unlawful sentence by imposing a departure sentence based upon facts rejected by the jury, does not point to the real possibility of constitutional error. He asserts that federal courts may entertain a state prisoner's application for habeas relief only where the inmate is in custody "'in violation of the Constitution or laws or treaties of the United States'" (Resp't Resp. at 5 (citing 28 U.S.C. § 2254(a))), and that, at best, petitioner's claim of sentencing error raises only issues of state law. Petitioner does not address this argument.

Reading petitioner's claim together with his brief in support, the court finds that a sufficient

Findings and Recommendation - 3

claim is stated for habeas review.

Procedural Default

Respondent contends that the remaining sentencing claim that the trial court used jury rejected facts to depart was not fairly presented to the Oregon courts because it was presented to the Oregon courts as a state law issue and not as a federal question; and petitioner's due process claim of denial of his motion to sever trials thereby depriving him his right to cross-examine the co-defendant was not raised in the State courts. Petitioner contends that, by arguing on direct appeal that the trial court erred by "imposing a departure sentence based upon facts rejected by the jury," in effect, he argued that his sentence violated his right to trial by jury, which view was later confirmed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531, reh'g denied, ___ U.S. ___, 125 S. Ct. 21 (2004). Petitioner acknowledges that he did not frame his claim that he was improperly tried jointly with his co-defendant as a deprivation of his rights under the federal constitution; he states that, accordingly, it is "problematic" whether he has satisfied the exhaustion requirement for review in this court. (Pet'r Mem. at 39.) However, he argues that his claim should be considered nevertheless, in the interest of substantial justice, and because of "the strong implication that he is innocent of the crime of manslaughter and the manifest unfairness of the joint trial that was conducted." (Pet'r Mem. at 39.) Respondent replies that the sentencing error claim was only presented to the Oregon Courts as a state law issue and Apprendi is not retroactive. Respondent contends that the due process claim relating to denial of petitioner's motion to sever was admittedly defaulted; petitioner does not argue cause and actual prejudice as an excuse; and, if a claim of actual innocence is being advanced, it fails because petitioner offers no new reliable evidence in support.

Findings and Recommendation - 4

The requirement that state remedies be exhausted is satisfied when the petitioner has fairly presented the substance of the federal claim to the state courts. This means that the state court must be provided with "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted). State courts must be alerted to the fact that a prisoner is asserting a claim under the United States Constitution. The "mere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). The Ninth Circuit has found that, under Duncan, "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (citing Gray v. Netherland, 518 U.S. 152 (1996)); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000). In the Ninth Circuit, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies "only if he characterized the claims he raised in state proceedings *specifically* as federal claims"; that is, "the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000), as amended, 247 F.3d 904 (9th Cir. 2001) (italics in original, footnote omitted).

A habeas petitioner's claim has been exhausted if the claim has been fairly presented to the highest state court with jurisdiction to consider the claim, and no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

Findings and Recommendation - 5

A procedural default occurs when a petitioner violates a state procedural rule which would constitute adequate and independent state grounds to bar review in the United States Supreme Court. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Wells v. Maass, 28 F.3d 1005, 1008-11 (9th Cir. 1994). The failure to present a claim which would be procedurally barred in state court fulfills the technical requirement of exhaustion of state remedies. Coleman, 501 U.S. at 732, 735 n.1.

A federal court will not consider a claim that has been procedurally defaulted unless petitioner shows both "cause" and "prejudice" for the default, or demonstrates that the failure to consider the claim will result in a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); Coleman, 501 U.S. at 749. "Cause" is a legitimate excuse for the default due to something external to the prisoner. Coleman, 501 U.S. at 753. "Prejudice" is "actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent." Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998) (internal quotations omitted).

Petitioner raised the sentencing error claim on direct appeal. (Ex. 102 at 13-16.) Petitioner referred to state cases, and discussed the federal case, United States v. Brady, 928 F.2d 844 (9th Cir. 1991)[1]; in the concluding sentence, petitioner stated that the court's use of jury-related facts was tantamount to directing a verdict on those facts, "in violation of both state and federal law," citing an Oregon state case, State v. Rainey, 298 Or. 459, 467 (1985). A review of Brady shows that that case was decided based on interpretation of the federal sentencing guidelines, and not on constitutional grounds. The state case, Rainey, was decided on state statutory grounds and the court

---

[1] Abrogated on another ground by Nichols v. United States, 511 U.S. 738 (1994).

Findings and Recommendation - 6

specifically stated that it was not necessary to base its decision on federal or state constitutional law. The same arguments were made to the Oregon Supreme Court on petition for review. (Ex. 104 at 11-13.) The court finds that this sentencing claim was not raised as a federal claim and, thus was not fairly presented to the Oregon courts on direct appeal.

In his amended post-conviction petition, petitioner raised only ineffective assistance of counsel claims. (Exs. 107-116.) Petitioner does not argue that this sentencing claim was presented to the Oregon courts on his post-conviction appeal.

The court finds that petitioner's claim that the trial court imposed an unlawful sentence by imposing double departures based on facts rejected by the jury was not fairly presented to the Oregon state courts and is procedurally defaulted.

As to petitioner's claim that he was deprived of his right to a fair trial because he was tried jointly with his co-defendant in violation of the Confrontation Clause, while petitioner raised on appeal an argument that the trial court erred in denying his motion to sever, and cited federal case law in support, he did not contend as a basis that he was denied his right to cross-examine his co-defendant. (Exs. 102-106.) Petitioner acknowledges that, in state court, he did not frame his claim that he was improperly tried jointly with his co-defendant as a deprivation of his rights under the federal constitution. The court finds that this claim is procedurally defaulted.

Petitioner may no longer seek relief on the defaulted claims in the state courts. Petitioner offers no cause as to why these claims were not timely raised in the state court. <u>Coleman</u>, 501 U.S. at 749. However, as to his claim relating to denial of his motion to sever trials, petitioner contends that his claim should be considered in the interest of substantial justice, and because of the "strong implication" that he is innocent of the crime of manslaughter. (Pet'r Mem. at 39.)

Findings and Recommendation - 7

A habeas petitioner who has procedurally defaulted constitutional claims may obtain review of the claims only if he or she falls within the narrow class of cases implicating a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). A claim of actual innocence comes within the fundamental miscarriage of justice exception. "Actual innocence" in this context means factual innocence and not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). A claim of actual innocence does not by itself provide a basis for habeas corpus relief, but is instead "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup, 513 U.S. at 315 (internal quotations omitted). If a habeas petitioner presents new evidence of actual innocence that is so strong that it raises sufficient doubt about petitioner's guilt to undermine the court's confidence in the outcome of the trial and there is no assurance that the trial was free from nonharmless constitutional error, petitioner should be allowed to pass through the gateway and obtain review of the merits of his constitutional claims. Id. at 316-17. "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998).

As stated above, a claim of actual innocence, standing alone, is insufficient to provide a basis for relief. "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" Herrera v. Collins, 506 U.S. 390, 404-05 (1993); Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995). Here, petitioner offers no new evidence in support of a claim of actual innocence, which is required to

Findings and Recommendation - 8

allow the court to review his constitutional claims.[2] Schlup, 513 U.S. at 316-17, 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."); see Coley, 55 F.3d at 1387.

On this record, the court finds that petitioner fails to show cause and prejudice or factual innocence so as to excuse his procedural default. Habeas corpus relief should be denied based upon procedural default.

### III. RECOMMENDATION

Based upon the foregoing, it is recommended that the petition for writ of habeas corpus be denied and this case dismissed; and that judgment be entered denying the petition for writ of habeas corpus and dismissing this case with prejudice.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.*** **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the**

---

[2] Petitioner submits exhibits with his memorandum, consisting of transcripts of conversations between police detectives and petitioner and co-defendant DeAngeloTurner, or between petitioner and Shanta Turner, but advises that all of the transcripts were exhibits in petitioner's original trial. (#35)

Findings and Recommendation - 9

**Magistrate Judge's recommendation.**

        DATED this __15___ day of March, 2005.


        _____/s/_____
        UNITED STATES MAGISTRATE JUDGE